*207] *Moses Fitch Alden plaintiff in error
*against* Andrew Lee.

S. C. 2 Dall. 205.

On the reversal of judgment between landlord and tenant in error, a writ of restitution is not *ex debito justitiæ*, but depends on the grace of the court.

MESSRS. Sergeant and Hall for the plaintiff in error now moved again, that a writ of restitution should issue on a reversal of the judgment in Luzerne county.

They contended that such writ was *ex debito justitiæ*. The Common Pleas had no jurisdiction in a case between landlord and tenant. If judgment is reversed in error, the party shall be restored to all he has lost; and a writ of restitution shall be awarded to inquire what profits the plaintiff who recovered, has taken *colore judicii prædicti*, and for the damages found by such inquisition the defendant shall have execution. 5 Com. Dig. 306. Cro. Jac. 698. Sympson *v.* Juxon. 9 Vin. Abr. 589, 590. Same point, in a variety of cases.

The agreement of the plaintiff in error to enter the amicable action in the Common Pleas of Luzerne county, will not affect his claim on the justice of this court. Appearance or consent give no jurisdiction. 1 Vez. 471. Holt 394. 3 Burr. 1366 (cited on the former argument). Consent of parties will not change the law. Hob. 5. When it is against a fundamental point of the common law, the consent of parties does not take away error. Godb. 429, 430. *Arguendo*.

But this case may be likened to inquisitions of forcible entry and detainer. We affirm that they bear no resemblance. This is neither a criminal nor summary procedure.

The equitable inherent powers of the court may possibly be recurred to by the defendant's counsel. It should be remembered that chancery possess many powers which this court cannot possibly exercise.

Their equity jurisdiction in most instances will be exercised incompletely, for the want of those advantages which courts of chancery fully enjoy. If a variety of extraneous circumstances are to be resorted to, whereon the court are to form their judgments, the event certainly will be, that scarce any action will be brought before them as a court of error, when attempts will not be made to divert them from the record, and the real merits of the legal questions before them, and fix their attention on a supposed equity, which the settled laws of the country interdict them from regarding.

Mr. Ingersoll *è contra*, for the defendant in error urged, that the proceedings between the parties bear a strong analogy to *208] *those on forcible entry and detainer. Each were *festina remedia*. Defendant in forcible entry and detainer, can in no case *ex rigore juris* demand a resti-

[Alden *v*. Lee.]

tution either on the quashing of the indictment, or a verdict for him on a traverse thereof, &c. The Court of King's Bench will never award restitution, but when it appears on the whole circumstances of the case that the defendant has some right to the premises, the possession whereof he lost by the restitution granted to the prosecutor. 1 Haw. p. C. pa. 155, cap. 64, § 65. Restitution is of duty, but re-restitution is of grace, say Twisden and Kelyng justices. Raym. 85.

Besides, the situation of our courts demands that this court should in such an instance exercise a discretionary power. When the courts of ordinary jurisdiction are made instruments of injustice, and when the principles of law by which they are guided give no right but upon the principles of universal justice, the interference of the judicial power is necessary to prevent a wrong, and the positive law is silent, equity will interpose its jurisdiction. Mitford's Bill in Chanc. 103, 104. Bills in equity to restrain proceedings in courts of ordinary jurisdiction are still frequent, though the courts of common law have been enabled by the assistance of the legislature, as well as by a more liberal exertion of their inherent powers, to render applications of this nature to a court of equity unnecessary in many cases, where formerly no other remedy was provided. Ib. 116. The want of a court of equity here, suggests a strong argument for the exercise of the discretionary power contended for by the defendant. The right of the plaintiff in error to the possession of the tenements in dispute, has been fairly and substantially (though informally) tried with his own consent, assisted by counsel. He shall not now by a trick evade the effects of his own agreement.

*Per curiam.* This case cannot be resembled with propriety to the usual cases of proceedings being reversed on writs of error at common law. It partakes more of the nature of proceedings on forcible entry and detainer. Though a judgment has been pronounced, yet we may stop execution on equitable grounds being laid before us, in a variety of instances.

We adhere to our former opinion, that it rests in our discretion to award restitution, and that we are not bound *ex debito justitiæ* to award it.

Under all the circumstances which have appeared to us, we cannot think that the plaintiff in error is entitled to restitution from the grace of the court.

Motion denied.